IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02031-RPM-KLM

ROBERT L. MONTOYA, SR.,

      Plaintiff,

v.

UNIFUND CCR PARTNERS,

      Defendant.

_____

**ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiff's Motion for Leave to Join Parties and Amend Complaint** [Docket No. 18; Filed December 30, 2009] (the "Motion").  Although Plaintiff indicates in the Motion that Defendant opposes the relief that he requests, *see Motion* [#18] at 1, Defendant did not respond to the Motion.  Pursuant to Fed.R.Civ.P. 6 and D.C. COLO. LCivR 7.1C, Defendant's deadline for filing its response to the Motion was January 20, 2010, and that deadline has passed.  For the reasons set forth below, the Motion is **GRANTED**.

      Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings.  Rule 15(a) directs that "[t]he court should freely give leave when justice so requires."  The decision to allow a party to amend rests within the sound discretion of the Court.  *Foman v. Davis*, 371 U .S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir.1998).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371

U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

"The Tenth Circuit has concluded that the timeliness of the amendment and prejudice to the defendant are to be the crux of the inquiry." *Arapahoe County Water and Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *1 (D.Colo. Sept. 25, 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir.2006)).  "[T]he most important[ ] factor in deciding a motion to amend pleadings[ ] is whether the amendment would prejudice the nonmoving party." *Id.* (quoting *Minter,* 451 F.3d at 1207).   Here, Plaintiff's Motion was filed before the expiration of the deadline for amendment of pleadings and joinder of parties set forth in the Scheduling Order, and Defendant has not responded and argued that it will suffer any undue prejudice if the Court grants Plaintiff's request.   There is no basis for denying leave to amend. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS **FURTHER ORDERED** that the Court Accepts Plaintiff's Amended Complaint [Docket No. 18-3] for filing as of the date of this Order.  The Clerk shall file Docket No. 18-3 as a separate document titled "First Amended Complaint," and the case caption shall be amended to include the Defendants added in the First Amended Complaint.

DATED: January 26, 2010 at Denver, Colorado.

BY THE COURT:

2

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge